AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| JAHLIVEYA ALLEN | )   Case No. 20-6052-Hunt |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 1, 2020__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C. Section 841(a)(1) and 841(b)(1)(B)(ii) | Possession of 500 grams or more of mixture and substance containing a detectable amount of cocaine with intent to distribute |
| Title 21, U.S.C. Section 952 | Importation of a controlled substance to wit: cocaine |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Rafael Moronta, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/3/2020

_____
*Judge's signature*

City and state:  Fort Lauderdale, Florida    PATRICK M. HUNT, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Rafael Moronta, being duly sworn, do hereby depose and state:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") in Fort Lauderdale, Florida, and have been so employed since 2011. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 18 and 21 of the United States Code. As a HSI Special Agent, I have participated in multiple narcotics investigations involving physical and electronic surveillance, execution of search, seizure and arrest warrants, and investigations of international drug importations and domestic drug distribution organizations.

2. This Affidavit is based upon my personal knowledge, as well as on information provided to me by other law enforcement officers and agencies. The information set forth herein is provided solely for the purpose of establishing probable cause in support of a criminal complaint charging Jahliveya Alpha ALLEN with knowingly and intentionally possessing with intent to distribute and importing into the United States from a place outside thereof, a controlled substance, that is 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code, Sections 841(b)(1)(B)(ii) and 952. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not include all the details of the investigation of which I am aware. However, no information known that would tend to negate probable cause has been withheld from this Affidavit.

3. On February 1, 2020, at approximately 2:33pm, Jahliveya Alpha ALLEN, a Jamaican national, arrived on JetBlue flight # 926, at Fort Lauderdale-Hollywood International Airport (FLL) in Fort Lauderdale, Florida from Montego Bay, Jamaica.

4. After his flight's arrival at FLL, ALLEN was selected for inspection by U.S. Customs and Border Protection (CBP). ALLEN was asked if the checked luggage he was carrying belonged to him and if he had packed it himself. ALLEN responded that it was his and he had packed it. The suitcase was then placed on the x-ray belt for an examination. During the inspection, CBP Officers discovered anomalies within the suitcase. While inspecting the inside of the suitcase, they discovered a black backpack. CBP officers then inspected the black backpack and discovered anomalies within the front and rear lining. Further inspection of the backpack revealed two foam-like packages containing a white powdery substance that field tested positive for the presence of cocaine. CBP officers asked ALLEN if he knew what was in the backpack and ALLEN said "yeah, I think it's is coke."

5. The total weight of the seized narcotic is approximately 1.09 kilograms. From my training and experience the seized narcotic has an approximate street value of over $25,000.

6. In a post-<u>Miranda</u> statement, ALLEN admitted that he had been given $500, by a member of the drug trafficking organization, to purchase his airfare. He also advised that upon a successful delivery of the cocaine laden backpack he was to be paid an additional $4,000. ALLEN admitted that he's engaged in similar conduct on at least once one other occasion.

7. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about February 1, 2020, in Broward County, in the Southern District of Florida, Jahliveya Alpha ALLEN, did knowingly and intentionally possess with intent to distribute and did import into the United States from a place outside thereof a controlled substance, that is 500 grams or more of a mixture

and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code, Sections 841(b)(1)(B)(ii) and 952.

FURTHER AFFIANT SAYETH NAUGHT.

_____
RAFAEL A. MORONTA
Special Agent
Department of Homeland Security
Homeland Security Investigations

Subscribed to and sworn before me this **3d** day of February, 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE